E-FILED  2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

**EXHIBIT A**

## IN THE IOWA DISTRICT COURT FOR STORY COUNTY

| | |
|---|---|
| **CLINT PALMER,** | **Civil No.: _____** |
| **Plaintiff,** | |
| **vs.** | |
| **CITY OF NEVADA, RICARDO MARTINEZ II,** individually and in his official capacity with the City of Nevada Police Department, **JOSH CIZMADIA** individually and in his official capacity with the City of Nevada Police Department, and **JOHN/JANE DOE #1**, individually and in their official capacities with the City of Nevada Police Department, **JOHN/JANE DOE #2**, individually and in their official capacities with the City of Nevada Police Department, **JOHN/JANE DOE #3**, individually and in their official capacities with the City of Nevada Police Department, | **PETITION AT LAW and JURY DEMAND** |
| **Defendants.** | |

**COMES NOW**, the Plaintiff, Clint Palmer, and for his Petition at Law and Jury Demand states as follows:

### PARTIES

1.     Plaintiff Client Palmer (Clint) is an individual who engaged with officers at 1210 6th Street, Nevada, Iowa 50201 at the time of all events complained of herein.

2.     Defendant City of Nevada is a municipality existing under the laws of the State of Iowa within Story County.

3.     Ricardo Martinez II is believed to be a citizen and a resident of Iowa and was serving as City of Nevada's Chief of Police at all times relevant to the events

complained herein.

4.      Josh Cizmadia is believed to be a citizen and a resident of Iowa and was serving as City of Nevada's Police Sergeant at all times relevant to the events complained herein.

5.      John/Jane Doe #1 is believed to be a citizen and a resident of Iowa and was serving as a City of Nevada Police Officer at all times relevant to the events complained herein.

6.      John/Jane Doe #2 is believed to be a citizen and a resident of Iowa and was serving as a City of Nevada Police Officer at all times relevant to the events complained herein.

7.      John/Jane Doe #3 is believed to be a citizen and a resident of Iowa and was serving as a City of Nevada Police Officer at all times relevant to the events complained herein.

## JURISDICTION AND VENUE

8.      Jurisdiction of the District Court is proper pursuant to Iowa Code § 602.6101.

9.      Events and actions referenced herein occurred in Story County, Iowa therefore, venue is proper under Iowa Code § 616.18.

## GENERAL FACTUAL ALLEGATIONS

10.      At all times relevant to the events complained herein, Clint was either in the presence of or restrained by Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3.

11.    Prior to his arrest, Clint was residing at 1210 6th Street, Nevada, IA 50201.

12.    On June 13, 2022, Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 went to Clint's suspected residence based upon information the suspect was growing marijuana.

13.     Without first obtaining a warrant for Clint's arrest, Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 used a ram bar and forcefully entered into the residence where Clint was staying.

14.    Upon arriving on scene, Sergeant Cizmadia instructed Clint to get on the ground in which Clint complied with and immediately surrendered.

15.     Clint did not put up any resistance and fully complied with the demands issued in his direction.

16.    Clint laid face down on the ground with his arms up in the air when Sergeant Cizmadia came over him and placed handcuffs on Clint.

17.    While already apprehended, Sergeant Cizmadia was excessively forceful against Clint and his extremities.

18.     While straddling over Clint, Sergeant Cizmadia, on two different occasions dropped his knee with his full body weight behind him, slamming it directly into Clint's lower back.

19.    Clint suffered major back pain initially and the blunt forced trauma caused a fracture of his C3 vertebrae.

20.     In addition to the excessive force already utilized against Clint,

Sergeant Cizmadia also wrenched on Clint's shoulders while Clint was face first on the ground.

21.     Clint, with a preexisting injury to his left shoulder due to his wrestling career, is at all times pleading with Sergeant Cizmadia to "stop" and asking, "why he is doing this when he has clearly surrendered and is not resisting."

22.     Additionally, Clint is pleading with Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 to intervene and prevent further injury against Clint due to the actions of Sergeant Cizmadia.

23.     Soon thereafter, Sergeant Cizmadia gets Clint off the ground as they are preparing to leave the residence.

24.     Throughout this entire encounter, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 have not done anything to prevent Sergeant Cizmadia's use of excessive force.

25.     During this time, Sergeant Cizmadia is still excessively forcing Clint's shoulder back and pulling him in an unsafe direction causing more bodily harm to Clint.

26.     Despite the pleas of Clint, Sergeant Cizmadia continues to verbally admonish Clint by yelling obscenities and dismissing his injuries.

27.     Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 lead Clint down the steep and narrow fire escape as they escort him to the squad car.

28.     Sergeant Cizmadia, well aware of Clint's pleas and injuries, uses

further excessive force as they are walking by what is referred to as "chicken winging" his handcuffed arms up toward his shoulder blades causing Clint immense pain and suffering.

29.    By the actions committed by Sergeant Cizmadia's actions, Clint suffered a severe ACL tear in his rotator cuff of his left shoulder.

30.    At no time throughout this entire encounter did Clint ever resist or attempt to flee from the officer's control and abided by all directions aimed at his compliance.

## CAUSES OF ACTION

### COUNT I
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1983**
**VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**Right to be Free from Unreasonable Seizure by Excessive Force**
***(Against Sergeant Cizmadia, individually)***

31.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

32.    Sergeant Cizmadia is a person for purposes of Section 1983 actions for damages.

33.    At all times material hereto, Sergeant Cizmadia's actions and/or omissions were made under the color of authority and law as a Sergeant of the City of Nevada Police Department.

34.    On or about June 13, 2022, Sergeant Cizmadia violated Clint's clearly established constitutional rights by utilizing excessive force against Clint when Sergeant Cizmadia aggressively restrained Clint, slammed his knee into Clint's lower back and forcefully hold his left shoulder in a dangerous position.

35.    Clint was arrested due to Sergeant Cizmadia's excessive use of force.

5

E-FILED 2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

36.     The force Sergeant Cizmadia employed against Clint in arresting him was excessive, unreasonable, and unnecessary under the circumstances.

37.     Sergeant Cizmadia demonstrated a deliberate indifference to and/or reckless disregard for Clint's constitutional rights by his use of force against him in effectuating his arrest.

38.     Sergeant Cizmadia's actions were willful, wanton, unlawful, and in gross disregard of Clint's civil rights, justifying an award of punitive damages.

39.     As a direct and proximate result of Sergeant Cizmadia's illegal and unjustified conduct, Clint was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

   a.  Deprivation of his constitutional rights;

   b.  Humiliation, degradation, public ridicule, loss of person reputation, and emotional distress;

   c.  Actual and Compensatory Damages including, but not limited to past, present, and future pain and suffering and medical expenses;

   d.  Punitive damages;

   e.  All expenses associated with the prosecution of the instance action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff, Clint Palmer, prays for Judgement against Sergeant Cizmadia as follows:

   a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet

to be determined;

b.  Compensation for violation of his constitutional rights, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c.  Physical pain, mental, and emotional distress and suffering including loss of mind and body;

d.  Plaintiff's costs, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

e.  Punitive damages; and,

f.  Any other damages allowed by federal or state law or which the Court deems just and equitable.

## COUNT II
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1983
### VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### Failure to Intervene
### *(Against Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3)*

40.  Plaintiff repleads each preceding paragraph as if fully set forth herein.

41.  Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 are people for purposes of Section 1983 actions for damages.

42.  Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 actions and/or omissions were made under the color or authority of the City of Nevada Police Department.

43.  On or about June 13, 2022, Defendants Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 violated Clint's clearly established constitutional rights when they observed Defendant Sergeant Cizmadia slam his knee into Clint's back and wrench his shoulder into a dangerous position, while verbally admonishing his requests for standard care.

7

E-FILED  2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

44.     Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 demonstrated a deliberate indifference to and/or reckless disregard for Clint's civil and constitutional rights by failing to intervene and stop Sergeant Cizmadia from violating Clint's constitutional rights.

45.     The failure of Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 to intervene, dissuade, or prevent Sergeant Cizmadia from violating Clint's rights demonstrated deliberate indifference and wanton and reckless disregard for the clearly established constitutional rights of Clint, for it was evident and obvious that slamming his knee into Clint's back and aggressively forcing Clint's shoulder into a dangerous position was unreasonable under the circumstances considering he was already apprehended and cooperating with the officers.

46.     As such, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 violated Clint's Fourth Amendment Right under the United States Constitution to be free from excessive force and unreasonable seizures.

47.     The use of force by Sergeant Cizmadia employed against Clint was excessive and unreasonable under the circumstances.

48.     Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 actions were willful, wanton, unlawful, and in gross disregard of Clint's civil rights, justifying an award of punitive damages.

49.     Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 were aware Sergeant Cizmadia's conduct put Clint at serious, immediate and proximate harm.

E-FILED  2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

50.    As a direct and proximate result of Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 failure to act to prevent illegal and unjustified conduct, Clint was injured and is entitled to recover damages for:

    a.  The deprivation of his constitutional rights;

    b.  The humiliation, degradation, public ridicule and loss of personal reputation;

    c.  The physical pain, mental and emotional distress and suffering including loss of mind and body;

    d.  All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses;

    e.  All expenses associated with the prosecution of the instant action including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and legally allowable judgment interest and;

    f.  Any other damages allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** the Plaintiff, Clint Palmer, prays for judgment against Defendants Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

    b.  Compensation for violation of his constitutional rights, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c.  Physical pain, mental, and emotional distress and suffering including loss of mind and body;

    d.  Plaintiff's costs, including but not limited to reasonable attorney's

E-FILED 2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

fees and costs pursuant to 42 U.S.C. 1988;

e.   Punitive damages; and,

f.   Any other damages allowed by federal or state law or which the Court deems just and equitable.

## COUNT III
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Monell* Liability Failure to Protect – Excessive Force - Failure to Train or Supervise
### (*Against City of Nevada and Chief Martinez II*)

51.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

52.   City of Nevada is a person for purposes of Section 1983 actions for damages.

53.   City of Nevada was the employer of Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, Officer John/Jane Doe #3, and Chief Martinez II at all times material herein.

54.   Chief Martinez II is a person for purposes of Section 1983 actions for damages.

55.   At all times material hereto, Chief Martinez II's actions and/or omissions were made under the color authority as Chief for the City of Nevada Police Department.

56.   The training program for the City of Nevada Police Department was not adequate to train officers to properly handle the situations similar to those described herein.

57.   Officers of the City of Nevada Police Department were not adequately supervised by Chief Martinez II or the City of Nevada specifically in instances

E-FILED  2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

involving officers' physical contact with a suspect when no threat to officers is posed to officers and the suspect remains within their residence.

58.    The City of Nevada and Chief Martinez II knew it was highly predictable for a suspect to remain in their residence while talking to officer and not feel comfortable being touched by an officer but did not provide further training and adequate supervision of its officers.

59.    The actions and/or omissions of Chief Martinez II and the City of Nevada intruded upon Clint's clearly established constitutional rights against unreasonable seizure and excessive force.

60.    Based on information and belief, the choices made by City of Nevada police officers in circumstances such as these causes a deprivation of a suspect's constitutional rights to arise.

61.    Defendants City of Nevada and Chief Martinez II's failure to adequately train and supervise amounted to deliberate indifference to the fact that potential actions taken by officers could result in the violation of Clint's constitutional rights.

62.    The failure to provide adequate training and supervision caused the violation of Clint's constitutional rights.

63.    As a result, Clint sustained damages and injuries as follows:

   a.  Deprivation of his constitutional rights;

   b.  Humiliation, degradation, public ridicules, and loss of personal reputation,

   c.  Actual and Compensatory Damages including, but not limited to past, present, and future pain and suffering, loss of mind and body, and medical expenses;

E-FILED  2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

d.  Punitive damages;

e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgement interest; and,

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** the Plaintiff, Clint Palmer, prays for judgment against Defendants City of  Nevada and Chief Martinez II as follows:

a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

b.  Compensation for violation of his constitutional rights, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c.  Physical pain, mental, and emotional distress and suffering including loss of mind and body;

d.  Plaintiff's costs, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

e.  Punitive damages; and,

f.  Any other damages allowed by federal or state law or which the Court deems just and equitable.

### COUNT IV
CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1983
VIOLATION OF FOURTH AND/OR FOURTEENTH TO THE UNITED STATES CONSTITUTION
*Monell* Liability for Failure to Protect – Excessive Force - Policy and Custom
(*Against City of Nevada and Chief Martinez II*)

64.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

E-FILED 2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

65.     City of Nevada is a person for purposes of Section 1983 actions damages.

66.     City of Nevada was the employer of Chief Ricardo Martinez II, Sergeant Josh Cizmadia, and Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 at all times material herein.

67.     Chief Martinez II is a person for purposes of Section 1983 actions for damages.

68.     At all times material hereto, Chief Martinez II's actions and/or omissions were made under the color of authority as an official for City of Nevada Police Department.

69.     City of Nevada and Chief Martinez II failed to establish and/or maintain and/or enforce policies, patterns, practices, or customs to ensure individuals under arrest and/or in the process of being arrested by City of Nevada Police Officers are protected from assault and/or injury by officers and their actions/inactions.

70.     Prior to the events herein, City of Nevada and Chief Martinez II's deliberately and with reckless disregard for the constitutional rights of citizens failed to establish adequate policies, patterns, practices, or customs for officers as to action to be taken when an individual inside his home is interacting with officers outside his home, prior to seeking his arrest.

71.     Alternatively, City of Nevada and Chief Martinez II deliberately and with reckless disregard for the constitutional rights of its citizens established inadequate and insufficient policies, patterns, practices, or customs for its officers to employ when an individual inside his home is interacting with officers outside his

E-FILED 2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

home, prior to seeking his arrest.

72.　As a direct and proximate result of these policies, patterns, practices, or customs, Clint has and will in the future suffer and incur legally cognizable damages.

73.　City of Nevada and Chief Martinez II deliberately and with reckless disregard for the constitutional rights of those people existing within their jurisdiction failed to establish adequate and sufficient policies, patterns, practices, or customs for its officers regarding using force against individuals inside their home interacting with officers outside, prior to officer first seeking to arrest the individual.

74.　The acts and/or omissions of City of Nevada and Chief Martinez II regarding their officers amounted to deliberate indifference to the rights and safety of citizens – including Clint.

75.　The actions and/or omissions of City of Nevada and Chief Martinez II Moines intruded upon Monica's clearly established constitutional rights against unreasonable seizure and excessive force by the City of Des Moines Police Department.

76.　The actions and/or omissions of the City of Nevada and Chief Martinez II intruded upon Clint's right to protection from harm while being arrested.

77.　As a result, Clint sustained damages and injuries as follows:

　　a. Deprivation of his constitutional rights;

　　b. Humiliation, degradation, public ridicules, and loss of personal reputation,

　　c. Actual and Compensatory Damages including, but not limited to past, present, and future pain and suffering, loss of mind and body, and medical expenses;

E-FILED  2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgement interest; and,

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** the Plaintiff, Clint Palmer, prays for judgment against Defendants City of Nevada and Chief Martinez II as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

    b.  Compensation for violation of his constitutional rights, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c.  Physical pain, mental, and emotional distress and suffering including loss of mind and body;

    d.  Plaintiff's costs, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

    e.  Punitive damages; and,

    f.  Any other damages allowed by federal or state law or which the Court deems just and equitable.

### COUNT V
### VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION
### Right to be Free from Unreasonable Seizure by Excessive Force
### (*Against Sergeant Cizmadia individually*)

78.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

79.    At all times, Sergeant Josh Cizmadia's actions and/or omissions were

made under the color of authority and law as an officer of the City of Nevada Police Department.

80.     On or about June 13, 2022, Sergeant Cizmadia violated Clint's clearly established constitutional right by utilizing excessive force against Clint when Sergeant Cizmadia slammed his knee into Clint's back, excessively restrained Clint, and aggressively forced his shoulder into a dangerous position after Clint was already apprehended into handcuffs.

81.     Sergeant Cizmadia's intentional use of force brought Clint to the ground.

82.     Clint was seized due to Sergeant Cizmadia's use of force.

83.     The force Sergeant Cizmadia employed against Clint to seize him was excessive, unreasonable, and unnecessary under the circumstances.

84.     Sergeant Cizmadia demonstrated a deliberate indifference to and/or reckless disregard of Clint's constitutional rights by his use of force against him to cause his seizure.

85.     Sergeant Cizmadia actions were willful, wanton, unlawful, and in gross disregard of Clint's civil rights, justifying an award of punitive damages.

86.     As a direct and proximate result of Sergeant Cizmadia's illegal and unjustified conduct, Clint was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

E-FILED 2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

c. Actual and Compensatory Damages including, but not limited to past, present, and future pain and suffering and medical expenses;

d. Punitive damages;

e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f. Any other expenses allowed by state law, including but not limited to reasonable attorney's fees and costs available at common law.

**WHEREFORE,** the Plaintiff, Clint Palmer, prays for judgment against

Defendant Sergeant Cizmadia as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

b. Compensation for violation of his constitutional rights, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c. Physical pain, mental, and emotional distress and suffering including loss of mind and body;

d. Plaintiff's costs, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

e. Punitive damages; and,

f. Any other damages allowed by federal or state law or which the Court deems just and equitable.

E-FILED  2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

## COUNT VI
### Negligence
### *(Against Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3)*

87.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

88.    Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 owed Clint, a duty of care for the Plaintiff's safety, security, custody, control, and well-being.

89.    Sergeant Cizmadia breached said duty – constituting negligence – after utilizing excessive force and inflicting serious injuries to Clint.

90.    Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 breached said duty – constituting negligence – by failing to intervene during the infliction of said force.

91.    It is clearly established under Iowa law that common law claims for negligence of law enforcement officials exists to such an extent that every reasonable employee would understand this conduct constitutes a violation of the law.

92.    Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 caused the injuries and damages sustained and described herein.

93.    As a result of Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 negligence, Clint sustained legally cognizable damages and injuries.

**WHEREFORE,** the Plaintiff, Clint Palmer, prays for judgment against Defendants Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2,

18

E-FILED 2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

and Officer John/Jane Doe #3 as follows:

    a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

    b. Compensation for violation of his constitutional rights, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c. Physical pain, mental, and emotional distress and suffering including loss of mind and body;

    d. Plaintiff's costs, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

    e. Punitive damages; and,

    f. Any other damages allowed by federal or state law or which the Court deems just and equitable.

## COUNT VII
### Negligent Hiring, Training, and Supervision
### (*Against City of Nevada and Chief Martinez II*)

94.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

95.    Defendant City of Nevada is the employer of Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, Officer John/Jane Doe #3, and Chief Martinez II.

96.    Chief Martinez II was responsible for the training and supervision of Sergeant Cizmadia.

97.    As Defendants' employers, Defendant City of Nevada and Chief Martinez II have a duty to exercise reasonable care in hiring, retention and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

E-FILED 2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

98.     Defendants City of Nevada and Chief Martinez II knew or should have known of Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 dangerous proclivities and the threat of injury they posed in effectuating his duties.

99.     Defendants City of Nevada and Chief Martinez II breached its duty in the negligent and reckless supervision and retention of Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3.

100.    It is clearly established under Iowa law that the Iowa Supreme Court recognizes common law claims for negligent training and supervision of law enforcement officials against the municipal employers, to such an extent that every reasonable employee would understand this conduct constitutes a violation of the law.

101.    As a result of the above negligence, Clint sustained legally cognizable damages and injuries as follows:

    a. Past, present, and future physical, mental, and emotional pain and anguish;

    b. Past, present, and future loss of mind and body;

    c. Past and future medical expenses;

    d. Other financial expenses; and

    e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest as allowed by the statutory or common law of Iowa.

**WHEREFORE,** the Plaintiff, Clint Palmer, prays for judgment against Defendants City of Nevada and Chief Martinez II as follows:

    a.   Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

    b.   Compensation for violation of his constitutional rights, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c.   Physical pain, mental, and emotional distress and suffering including loss of mind and body;

    d.   Plaintiff's costs, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

    e.   Punitive damages; and,

    f.   Any other damages allowed by federal or state law or which the Court deems just and equitable.

## COUNT VIII
### Respondeat Superior
### (*Against City of Nevada and Chief Martinez II*)

102.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

103.    At all times material hereto, an employer-employee relationship existed between employers City of Nevada and Chief Martinez II, employee Sergeant Josh Cizmadia, and employees Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3.

104.    At all times material hereto, Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3 were acting within the scope of their employment.

105.    Under the doctrine of respondeat superior, City of Nevada and Chief Martinez II were liable for the aforementioned actions of Sergeant Cizmadia, Officer John/Jane Doe #1, Officer John/Jane Doe #2, and Officer John/Jane Doe #3.

E-FILED 2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

106.    It is clearly established under Iowa law that the Iowa Supreme Court recognizes common law claims for respondeat superior on municipalities for the actions of law enforcement officers, to such an extent that every reasonable employee would understand this conduct constitutes a violation of the law.

107.    As a direct and proximate result, Clint sustained damages and injuries as follows:

    a.  Past, present, and future physical, mental, and emotional pain and anguish;

    b.  Past, present, and future loss of mind and body;

    c.  Past and future medical expenses;

    d.  Other financial expenses; and

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest as allowed by the statutory or common law of Iowa.

**WHEREFORE,** the Plaintiff, Clint Palmer, prays for judgment against Defendants City of Nevada and Chief Martinez II as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

    b.  Compensation for violation of his constitutional rights, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c.  Physical pain, mental, and emotional distress and suffering including loss of mind and body;

    d.  Plaintiff's costs, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

E-FILED  2022 AUG 30 10:37 AM STORY - CLERK OF DISTRICT COURT

 e. Punitive damages; and,

 f. Any other damages allowed by federal or state law or which the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY:   */s/ Matthew M. Boles*

 Matthew M. Boles   AT0001037

BY:   */s/ Adam C. Witosky*

 Adam C. Witosky   AT0010436
 2015 Grand Avenue, Suite 200
 Des Moines, Iowa 50312
 Telephone: (515) 235-0551
 Facsimile: (515) 243-3696
 Email: mboles@gbswlaw.com
    awitosky@gbswlaw.com
 **ATTORNEYS FOR PLAINTIFF**